## Case No. 17,663.

### WILKINGS v. MURPHEY.

[Brun. Col. Cas. 21; [1] 2 Hayw. (N. C.) 282.]

Circuit Court, D. North Carolina. 1803.

LIMITATION—NEW PROMISE BY ADMINISTRATOR—ASSUMPSIT—JOINDER OF COUNTS.

1. Whether an admission of a debt of the intestate by an administrator, where the intestate has been dead more than three years, will take the case out of the statute of limitations, quære?

2. A count upon the intestate's promise, and upon that of the administrator to pay the debt of the intestate, may be joined.

Plea, the act of limitations; replication, that the intestate assumed, and the evidence offered was that the administrator promised within three years. It was objected that such evidence was not that which the replication offered, and therefore should not be received. To this it was answered that an admission of the debt by the administrator takes the case out of the act; and there is no other way of giving the evidence to the jury but under a replication such as this. If the replication should state a promise of the admintstrator, that would be a departure from the declaration, which states a promise of the intestate. And you cannot in the declaration join a count founded on the prom-

ise of the administrator with that against the intestate. Such counts cannot be joined, the judgments upon them being different; the plaintiff's counsel cited 4 Term R. 347; H. Bl. 108, 110; e contra, was cited H. Bl. 104.

MARSHALL. Circuit Justice. I doubt whether an admission of the debt by the administrator will take the case out of the act of limitations; for the admission presupposes a promise made within three years. and how can this be when the intestate has been dead ten years? If it were true that an admission of the debt did take the case out of the act, and it could not be given in evidence at all unless allowed of upon such a replication, I should think that a strong argument for admitting the evidence. But the premises are not correct; it is not true that a count upon the intestate's promise, and upon that of the administrator to pay the debt of the intestate may not be joined; the contrary is directly proved by the case cited from H. Bl. 104, where the administrator upon an insimul computasset and promise thereon was held liable de bonis testatoris. The other cases cited. which state that he is bound de bonis propriis. are where neither the consideration nor the promise arose after the death of the intestate, and in the time of the administrator; here the promise was on a consideration arising in the time of the intestate. The cases are reconcilable.

The verdict founded on the admission of the evidence was set aside, and leave given to the plaintiff's counsel to add a count, the plaintiff paying costs up to this time.